UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                            :
MALIBU MEDIA, LLC,                                          :
                                                            :   Case No. 1:18-cv-00346-PGG
                            Plaintiff,                      :
                                                            :
              vs.                                           :
                                                            :
JOHN RIOS,                                                  :
                                                            :
                            Defendant.                      :
------------------------------------------------------------X
```

## BRIEF IN SUPPORT OF MOTION FOR ALTERNATE SERVICE OF ORDER TO SHOW CAUSE [CM/ECF 48] ON DEFENDANT JOHN RIOS

Plaintiff hereby respectfully requests that this court should permit alternate service of the Order to Show Cause Why Court Should Not Enter Default Judgment Against Defendant John Rios and Exhibits on Defendant John Rios [CM/ECF 48], because personal service is impracticable by the Court's deadline based on the process server's prior attempts, and the proposed alternate service is reasonably calculated to give Defendant notice and an opportunity to be heard in this action, thus according with the basic due process requirements.

With irrelevant exceptions, such as minors or incompetents, "service upon an individual…may be effected in any judicial district of the United States:

> ( 1) pursuant to the law of the state in which the judicial district is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the Courts of general jurisdiction of the State ....

Fed. R. Civ. P. 4(e)(l).

The applicable state and state law is New York, and the New York Consolidated Laws define New York law regarding service of pleadings like the instant Order to Show Cause. Under

these rules, where personal service is impracticable, the court has discretion to permit alternate service:

> Personal service upon a natural person shall be made by any of the following methods:… (5) in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

New York Consolidated Laws CVP § 308(5).

The affidavits of process server, Hector Figueroa, are attached as Exhibit "A" to the Motion for Alternate Service. This affidavit details the attempt that Mr. Figueroa has made to serve Defendant, John Rios, with the Order to Show Cause Why Court Should Not Enter Default Judgment Against Defendant John Rios and Exhibits.

An additional affidavit of service of process server, Hector Figueroa, are attached as Exhibit "B" to the Motion for Alternate Service. This affidavit details the attempts that Mr. Figueroa made to serve Defendant, John Rios, with Plaintiff's Summons and Second Amended Complaint.

In this matter, personal service by this Court's deadline is impracticable, and alternate service is essential. In this situation, the applicable New York Consolidated Laws permit Plaintiff's proposed alternate service. Plaintiff's attempt to serve Defendant John Rios personally at his Last Known Address, prior to the Court issued deadline, has been unsuccessful. However, Plaintiff has concluded, based on representations of the Process Server, that Defendant does indeed reside at the Last Known Address which was provided by his Internet Service Provider (the "Last Known Address").

Plaintiff requests that the Court allow service to be effected under New York Consolidated Laws CVP § 308(4):

> [W]here service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the … dwelling place or usual place of abode

2

within the state of the person to be served and by … mailing the summons to such person at his or her last known residence … in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other[.]

Accordingly, Plaintiff's proposed alternate service is reasonably calculated to notify Defendant John Rios of this action and proposed default judgment and give him an opportunity to be heard. Thus, an alternate service order is justified and necessary. Due to Plaintiff's diligence in attempting to serve, Plaintiff also requests fourteen (14) days from the date of an Order on this Motion to serve Defendant John Rios by alternate service, and that the Court continue the hearing initial set for the Order to Show Cause re Default. A proposed order is filed contemporaneously herewith.

## CONCLUSION

THEREFORE, PLAINTIFF respectfully requests this Court to:

A. Grant this motion.

B. Permit Plaintiff fourteen (14) days to serve Defendant John Rios by alternate service including posting at his Last Known Address and mailing, via USPS, a copy of the Order to Show Cause Why Court Should Not Enter Default Judgment Against Defendant John Rios and Exhibits on Defendant John Rios at the Last Known Address.

C. Continue the hearing on the Order to Show Cause to permit time for alternative service.

Dated: November 26, 2018
Respectfully submitted,

By: _____
Kevin T. Conway, Esq. (KC-3347)
664 Chestnut Ridge Road
Spring Valley, NY. 10977
T: 845-352-0206
F: 845-352-0481
E-mail: kconway@ktclaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                  By: /s/ *Kevin T. Conway*
                                                   Kevin T. Conway, Esq.