UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIBU MEDIA, LLC,

                      Plaintiff,

        - against -

JOHN RIOS,

                     Defendant.

**ORDER**

18 Civ. 346 (PGG) (GWG)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Malibu Media, LLC, d/b/a X-Art.com, has sued Defendant John Rios for copyright infringement. (See generally Second Am. Cmplt. ("SAC") (Dkt. No. 34)) This Court entered an Order of Default against Defendant (Dkt. No. 58) and referred this case to Magistrate Judge Gabriel W. Gorenstein for an inquest on damages. (Dkt. No. 60) Judge Gorenstein has issued a Report & Recommendation ("R&R") in which he recommends that Plaintiff be awarded $18,000 in damages and $400 in costs. (R&R (Dkt. No. 65) at 1, 8)[1] For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND[2]

### I. FACTS

      Plaintiff is a California-based limited liability company that owns copyrights to certain adult films. (SAC (Dkt. No. 34) ¶¶ 3, 8; SAC, Ex. B (Dkt. No. 34-2)) Defendant is an

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Files system.

[2] As no objections were filed, the Court adopts the R&R's account of the facts in full. See Silverman v. 3D Total Sols., Inc., No. 18 Civ. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section"). Given Defendant's default, these facts are assumed to be true. Idir v. La Calle TV, LLC, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) ("In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true.").

individual who resides in New York City.  (Id. ¶ 9)  According to the Second Amended Complaint, Defendant used a BitTorrent file-sharing network to illegally download, copy, and distribute twelve of Plaintiff's copyrighted digital works.[3]  (Id. ¶¶ 23-25, 30; SAC Ex. A (Dkt. No. 34-1), Ex. B (Dkt. No. 34-2))

## II.     PROCEDURAL HISTORY

The Complaint was filed on January 14, 2018 (Dkt. No. 1), the Amended Complaint was filed on May 30, 2018 (Dkt. No. 26), and the Second Amended Complaint was filed on July 21, 2018.  (Dkt. No. 34)  Defendant was served with the Second Amended Complaint on August 13, 2018.  (Dkt. No. 39)  Defendant has not responded to the Second Amended Complaint or otherwise appeared in this action.

On November 19, 2018, the Court ordered Defendant to show cause – at a hearing scheduled for December 20, 2018 – why a default judgment should not be entered against him. (Dkt. No. 48)  The hearing was ultimately adjourned to January 24, 2019.  (Dkt. No. 54)  Despite being served with the order to show cause (see Dkt. No. 55), Defendant did not appear at the January 24, 2019 hearing.  (See Dkt. No. 58)  On February 20, 2019, this Court issued an Order of Default as to Defendant (id.), and on August 27, 2020, this Court referred this case to Judge

---

[3] "The BitTorrent file distribution network ('BitTorrent') is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movie files."  (SAC (Dkt. No. 34) ¶ 10)  "BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network."  (Id. at ¶ 11)  "In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces.  Users then exchange these small pieces among each other instead of attempting to distribute a much larger digital file."  (Id. ¶ 12)  "After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized."  (Id. ¶ 13)

Gorenstein for an inquest on damages. (Dkt. No. 60)

On August 27, 2020, Judge Gorenstein directed Plaintiff to file proposed findings of fact and conclusions of law. (Dkt. No. 61) On October 11, 2020, Plaintiff filed a "Memorandum of Law in Support of Inquest on Damages." (Dkt. No. 62)

On February 23, 2021, Judge Gorenstein issued an 11-page R&R recommending that Plaintiff be awarded $18,000.00 in damages and $400.00 in costs. (R&R (Dkt. No. 65) at 1, 8) In his R&R, Judge Gorenstein notifies the parties that they have 14 days to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 9) The R&R further states that, "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this [R&R] on appeal." (Id.) Neither side has filed objections to the R&R.

## DISCUSSION

**I.   LEGAL STANDARDS**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000)

3

("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed the R&R for clear error and, as explained below, finds no error – let alone clear error – in Judge Gorenstein's findings. See Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (noting that a district court's review of an R&R, where no objections are made, is limited to a consideration of whether there is any clear error that precludes acceptance of the recommendations).

## II.   ANALYSIS

### A.   Liability

As Judge Gorenstein explains, "'a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint,'" such that a court will accept as true all "properly pleaded allegations . . . except those related to damages." (R&R (Dkt. No. 65) at 2 (quoting City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011); citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009))) "To establish a claim of copyright infringement, [a plaintiff] 'must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work.'" (Id. at 4 (quoting Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003))) Judge Gorenstein correctly concludes that these requirements are satisfied in this case, because Plaintiff "has proven ownership of a valid copyright," and "has shown unauthorized copying by alleging facts showing [that Defendant] downloaded and distributed its copyrighted works via BitTorrent without its permission." (Id. at 5; see also SAC, Ex. B (Dkt. No. 34-2); SAC (Dkt. No. 34) ¶¶ 17-24) Accordingly, liability is established.

### B.   Damages

As Judge Gorenstein notes, "[a]s to damages, '[t]he district court must . . .

conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" (Id. at 2-3 (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999))) Further, "a court need not hold a hearing 'as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment[.]'" (Id. at 3 (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989))) Here, neither side requested an evidentiary hearing, despite being given an opportunity to do so. (Id.)

As Judge Gorenstein explains, under Section 504(a) of the Copyright Act, "'an infringer of copyright is liable for either' actual damages or statutory damages." (Id. at 5 (quoting 17 U.S.C. § 504(a)(1)-(2)) (alteration and marks omitted)) Here, Plaintiff seeks statutory damages. (Pltf. Br. (Dkt. No. 62) at 6, 12) Where statutory damages are sought, a copyright owner "may recover 'with respect to any one work, . . . no[] less than $750 or more than $30,000 as the court considers just.'" (R&R (Dkt. No. 65) at 5 (quoting 17 U.S.C. § 504(c)(1)))[4] Here, Plaintiff seeks $18,000 in statutory damages, which corresponds to an award of $1,500 per infringed work. (Pltf. Br. (Dkt. No. 62) at 15)

Courts consider the following factors in determining an award of statutory damages:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

---

[4] A court may award as much as $150,000 in statutory damages where the infringement was willful. (R&R (Dkt. No. 65) at 5-6 (citing 17 U.S.C. § 504(c)(2))) "In order to 'prove that a copier's infringement was willful [a copyright holder] must show that the infringer had knowledge that its conduct represented infringement or . . . recklessly disregarded the possibility.'" (Id. at 6 (quoting Bryant v. Media Right Prods., Inc., 603 F.3d 135, 143 (2d Cir. 2010) (internal citation omitted))) "'Courts frequently infer willfulness where a defendant defaults.'" (Id. (quoting Hounddog Prods., L.L.C. v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011)))

(R&R (Dkt. No. 65) at 5 (quoting Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010)))

As to the first factor, Judge Gorenstein concludes that – given Defendant's default – his state of mind should be deemed willful. (Id. at 6) Judge Gorenstein further finds that the second and third factors "weigh in favor of an increased statutory damages award," because Plaintiff's films typically require viewers to pay a subscription fee. (Id.) Accordingly, Plaintiff lost revenue as a result of Defendant's actions. (Id. at 6-7) As to the fourth factor, Plaintiff's requested award of $1,500 per each infringed work, although "modest[,] . . . will have a deterrent effect on [Defendant] and other infringers." (Id. at 7) As to the fifth factor, Defendant has not cooperated. (Id.) As to the sixth factor, Judge Gorenstein reports that he "has no information as to either party's conduct that would bear on the amount of statutory damages." (Id.)

Judge Gorenstein concludes that Plaintiff "has justified the modest amount it has requested, that is, $1,500 per infringed work or a total of $18,000 in statutory damages." (Id. at 7-8)

As to costs, Judge Gorenstein notes that a "court may, 'in its discretion[,] . . . allow the recovery of full costs[,]' and 'award a reasonable attorney's fee to the prevailing party as part of the costs' for copyright infringement." (Id. at 8 (quoting 17 U.S.C. § 505)) Here, Plaintiff does not seek an award of attorney's fees, but it does seek $615 in costs. (Pltf. Br. (Dkt. No. 62) at 17-18) Judge Gorenstein notes that while Plaintiff has submitted an attorney declaration in support of its requested costs, "[c]ourts in this district regularly decline to award costs where [the application for costs is] not supported by documentary evidence." (R&R (Dkt. No. 65) at 8 (citing cases)) Accordingly, Judge Gorenstein takes judicial notice of the $400 filing fee paid by Plaintiff, but declines to award Plaintiff fees for service and other alleged

6

expenses.  (Id.)

This Court finds no error in Judge Gorenstein's analysis.  Accordingly, the Court will adopt his recommendation and award Plaintiff $18,000 in statutory damages and $400 in costs.

## CONCLUSION

For the reasons stated above, Judge Gorenstein's R&R (Dkt. No. 65) is adopted in its entirety.  Plaintiff is awarded $18,000 in statutory damages and $400 in costs, plus post-judgment interest in accordance with 28 U.S.C. § 1961(a).  The Clerk of Court is directed to enter judgment and to close this case.  Chambers will mail a copy of this Order to Defendant and note service on the docket.

Dated: New York, New York
       March 11, 2021

SO ORDERED.

_Paul G. Gardephe_

Paul G. Gardephe
United States District Judge